WR-84,092-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/29/2015 10:03:28 AM
Accepted 10/29/2015 10:15:00 AM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS
## AUSTIN, TEXAS

| | | |
|---|---|---|
| **EX PARTE** | § | RECEIVED |
| | § | COURT OF CRIMINAL APPEALS |
| | § | 10/29/2015 |
| | § **NO. WR-84,092-01** | ABEL ACOSTA, CLERK |
| | § | |
| **RICHARD HAMER** | § | |

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR A WRIT OF HABEAS CORPUS

**TO THE HONORABLE PRESIDING JUDGE:**

**NOW COMES** RICHARD HAMER, Applicant, and submits this Affidavit in

Support of Application for a Writ of Habeas Corpus.

Respectfully submitted,

/s/ Gary A. Udashen
GARY A. UDASHEN
Bar Card No. 20369590

SORRELS UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
214/468-8100
214/468-8104 fax

Attorney for Applicant

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2015, a true and correct copy of the above and foregoing Affidavit in Support of Application for a Writ of Habeas Corpus was mailed to the Harris County District Attorney's Office, 1201 Franklin Street, Suite 600, Houston, Texas 77002.

/s/ Gary A. Udashen
GARY A. UDASHEN

STATE OF TEXAS                          §
                                        §        AFFIDAVIT
                                        §

This affidavit is in response to the affidavit filed by Dawn Kibler:

The following is my response to Ms. Kibler's affidavit:

Ms. Kibler states that she had numerous conversations with me about the case. In fact, she only visited with me once in jail, and was good about returning phone calls *until* after August 21, 2011. On August 21, 2011, Ms. Kibler was arrested. After August 21, 2011, she would not return any of my phone calls after repeatedly trying to reach her. The only time she would respond is when I would text or email her asking why she would not return my calls. Then, I would maybe get a single call back.

Ms. Kibler also states that she explained the evidence and differences between manslaughter and criminally negligent homicide, and the differences between reckless and negligence. That is not true. I knew nothing of criminal negligence until my family discussed the case with Mr. Udashen and Mr. Udashen's office filed the 11.07 writ.

Ms. Kibler also states that she explained what the state needed in order to prove me guilty of manslaughter and criminally negligent homicide. She did *not* explain either one of these as to what they needed.

On October 10, 2011, I was re-incarcerated into the Harris County Jail. I repeatedly tried to contact Ms. Kibler, even trying to call her collect a few times so I could talk to her. I was there 4 months and she never came to discuss anything with me.

Ms. Kibler stated I am an intelligent person, enough so that if someone explained manslaughter with the penalty it carries and criminal negligent homicide with the lesser penalty it carries, I would not plead to the greater time. Had I been fully informed and advised, I would have

Affidavit of Richard Hamer - Page 1

made a different decision.

_Richard Hamer_ (signature)
Richard Hamer

## DECLARATION OF AFFIANT

I, Richard Hamer, Inmate No. 01764037, being presently incarcerated in the Texas Department of Criminal Justice - Institutions Division, declare under penalty of perjury that according to my belief the foregoing information and allegations contained in this memorandum are true and correct.

Executed on ___October 20th_____, 2015.

_Richard Hamer_ (signature)
Richard Hamer